```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
UNITED STATES OF AMERICA           )
                                   )
     v.                            )    Cr. No. 18-130-1 WES
                                   )    Cr. No. 18-137-3 WES
EMMANUEL MIAMEN,                   )    Cr. No. 18-142 WES
                                   )
          Defendant.               )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, District Judge.

I.  BACKGROUND

In June 2019, Defendant Emmanuel Miamen pleaded guilty in this Court to charges in three separate indictments, related to the unlicensed dealing of firearms and witness tampering while on pretrial release. See generally, Cr. Nos. 18-130, 18-137, and 18-142 (D.R.I.). Thereafter, in February 2020, the Court sentenced Defendant to a total of twenty-four months' imprisonment with thirty-six months' supervised release to follow. See, e.g., Judgment, Cr. No. 18-137, ECF No. 82.[1] According to the Bureau of Prisons' ("BOP") website, Defendant's projected release date is in fewer than sixty days, on June 15, 2020. Federal Bureau of Prisons, Find an Inmate, available at https://www.bop.gov/inmateloc/ (last visited Apr. 17, 2020).  He

---

[1] All record citations in this Memorandum and Order refer to the Cr. No. 18-137 docket, unless otherwise noted.

is currently serving his sentence at MDC Brooklyn, which as of the time of this writing, has reported COVID-19 cases for both inmates and staff.  See generally Gov't Resp. to Def.'s Mot. for Early Release ("Gov't Opp'n"), ECF No. 87.  On April 6, 2020, Defendant filed the instant Motion for Early Release in light of the COVID-19, or novel coronavirus, outbreak that has gripped our nation in recent weeks.  See generally Def.'s Mot. for Early Release ("Def.'s Mot."), ECF No. 86.  According to Defendant's filing, he suffers from high blood pressure.  Id. at 2.  The Government opposes Defendant's request for early release and has not waived its argument on the statutory exhaustion requirement.  See generally Gov't Opp'n.[2]  Defense counsel mailed Defendant's request to the BOP for compassionate release on April 10, 2020, and the Court understands that the BOP received that request on April 13, 2020.  See Joint Status Report 1, ECF No. 88.  As of this writing, the Court has received no information suggesting that the BOP has yet acted on Defendant's request.

---

[2] In a considerable number of cases in other jurisdictions, the Government has waived the exhaustion argument.  See, e.g., United States v. Gentille, No. 19 Cr. 590 (KPF), 2020 WL 1814158 (S.D.N.Y. Apr. 9, 2020); United States v. Jasper, No. 18-CR-390-18 (PAE), ECF No. 440 (S.D.N.Y. Apr. 6, 2020).

II.  DISCUSSION

   A.   Statutory Background

Though Defendant does not set forth a legal basis for his request for relief, the Court construes his motion as one for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Section 3582(c), as amended by the 2018 passage of the First Step Act, allows a defendant to directly petition the district court in which he was sentenced for compassionate relief. See id. Section 3582(c)(1)(A) states in pertinent part:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that —
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Id.; see also U.S.S.G. § 1B1.13 (setting forth the Sentencing Guidelines' policy statement on compassionate release). The

3

Sentencing Commission's policy statement regarding compassionate release adds the requirement that the court find that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(2).

In sum, under 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.13, once a defendant demonstrates that he has exhausted the Bureau of Prisons' administrative process for compassionate release, or thirty days have lapsed without a decision, whichever occurs first, a district court may reduce the defendant's term of imprisonment provided, as relevant here, that the court determines: (1) extraordinary and compelling reasons warrant the reduction; (2) the defendant will not be a danger to the safety of any other person or the community; and (3) the sentencing factors outlined in 18 U.S.C. § 3553(a) weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13; see also United States v. Sapp, No. 14-cr-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020); United States v. Willis, 382 F. Supp. 3d 1185, 1187-88 (D.N.M. 2019). The defendant carries the burden on a motion for compassionate release. United States v. Ebbers, No. (S4) 02-CR-1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020).

B.   Exhaustion of Administrative Process

The Government argues that the statutory exhaustion provision embedded in § 3582(c) requires denial of Defendant's motion. Gov't Opp'n 2-6. The Court agrees.

The Supreme Court has held that "judge-made exhaustion doctrines, even if flatly stated at first, remain amenable to judge-made exceptions"; that said, "statutory exhaustion provision[s] stand[] on a different footing[,]" and where there exists a mandatory statutory exhaustion provision, it "foreclos[es] judicial discretion." Ross v. Blake, 136 S. Ct. 1850, 1857 (2016); see also id. at 1856 (stating that "mandatory language means a court may not excuse a failure to exhaust, even to take [special] circumstances into account").

Circuit and district courts are split over whether the statutory exhaustion provision in 18 U.S.C. § 3582(c) is jurisdictional in nature or, instead, a mandatory claim-processing rule. See United States v. Lugo, No. 2:19-cr-00056-JAW, 2020 WL 1821010, at *3 (D. Me. Apr. 10, 2020) (discussing the circuit split over whether the limitation in 18 U.S.C. § 3582(c) is jurisdictional); see also United States v. Griffin, 524 F.3d 71, 84 (1st Cir. 2008) (quoting with approval a since-overturned Seventh Circuit case as stating "[Section] 3582(c) limits the substantive authority of the district court . . . [and] is a real 'jurisdictional' rule rather than a case-

5

processing requirement" (alterations in original) (quoting United States v. Smith, 438 F.3d 796, 799 (7th Cir. 2006), overruled by United States v. Taylor, 778 F.3d 667, 671 (7th Cir. 2015)). Generally, this distinction is significant because "statutory preconditions to relief are jurisdictional (and thus, if not met, bar consideration of the requested relief on its merits)," whereas, "mandatory claim-processing rules . . . while mandatory 'in the sense that a court must enforce the rule if a party "properly raise[s]" it' — may be waived or forfeited by the adverse party." Lugo, 2020 WL 1821010, at *2 (quoting Fort Bend Cty. v. Davis, 139 S. Ct. 1843, 1849 (2019) (alteration in original)). In the instant case, however, the Government has properly advanced its exhaustion argument, and, thus, the result is the same regardless of whether the § 3582(c) exhaustion requirement is jurisdictional. The Court, accordingly, declines to decide the issue. See id. at *3 (declining to decide whether the exhaustion requirement in § 3582(c) is jurisdictional (citing United States v. Monzon, No. 99cr157 (DLC), 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020) (same)).

The statutory exhaustion provision in § 3582(c) is plainly mandatory here. The statute, as stated above, provides that a court "may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion

6

<u>of the defendant after the defendant has fully exhausted all administrative rights to appeal</u> a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). The statute provides no exceptions to the exhaustion requirement, <u>id.</u>, and the Supreme Court has clearly stated that courts may not manufacture exceptions where they do not exist. <u>See</u> <u>Ross</u>, 136 S. Ct. at 1856 (stating that "mandatory language means a court may not excuse a failure to exhaust, even to take 'special circumstances' into account").

The Court is aware that there is a growing split among district courts on whether the § 3582(c) exhaustion provision is mandatory. <u>Compare</u> <u>Lugo</u>, 2020 WL 1821010, at *3, 5 (holding that the statutory exhaustion requirement in § 3582(c) is clear and mandatory and dismissing compassionate release motion for failure to exhaust administrative process), <u>with</u> <u>United States v. Perez</u>, No. 17 Cr. 513-3 (AT), 2020 WL 1546422, at *2-3 (S.D.N.Y. Apr. 1, 2020) (concluding that there are exceptions to the § 3582(c) exhaustion provision and granting compassionate release before the defendant exhausted administrative process with the BOP (citing <u>Washington v. Barr</u>, 925 F.3d 109, 118 (2d Cir. 2019)). But the First Circuit has noted in dicta that

7

"exhaustion of administrative remedies is absolutely required if explicitly mandated by Congress", Portela-Gonzalez v. Sec'y of the Navy, 109 F.3d 74, 77 (1st Cir. 1997), and the only circuit court to weigh in on this issue in the midst of the COVID-19 pandemic called the § 3582(c) exhaustion requirement "a glaring roadblock foreclosing compassionate release at this point." United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020). The cases finding implied exceptions to the § 3582(c) exhaustion requirement largely rely on a Second Circuit case addressing a judge-made (rather than a statutorily-imposed) exhaustion requirement. See, e.g., Perez, 2020 WL 1546422, at *2-3 (citing Washington, 925 F.3d at 118); see also Lugo, 2020 WL 1821010, at *4 (noting this distinction between the statute at issue in Washington and 18 U.S.C. § 3582(c)). But in contrast to the statutory exhaustion provision before the Court here, "courts have more latitude in dealing with exhaustion questions when Congress has remained silent[.]" Portela-Gonzalez, 109 F.3d at 77 (citations omitted).

In the instant case, Defendant does not purport to have satisfied the exhaustion requirement, nor does he suggest that the BOP's administrative process has rendered itself futile or is otherwise not properly functioning. Accordingly, regardless of the underlying merits of Defendant's motion, the Court has no authority to entertain it. (Of course, in the event an inmate

8

faced the situation where life-threatening circumstances were present, and where the BOP was unable or unwilling to act upon a petition for compassionate release, a court may have cause – and authority – to intervene either through a petition for habeas corpus or by finding the administrative process futile.  The Court does not have such facts before it in this Motion.)

Importantly, the Court expresses no view on Defendant's request for compassionate release or on how the BOP should handle it, other than to suggest that it should be considered expeditiously.[3]  If the BOP denies Defendant's request, or thirty days lapse, whichever occurs first, see 18 U.S.C. § 3582(c)(1)(A), Defendant is free to file again his Motion before this Court.

---

[3] See Mem. from Att'y Gen. to Dir. of Bureau Prisons 1 (Mar. 26, 2020), available at https://www.justice.gov/file/1262731/download (directing the BOP to "prioritize the use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic") (last visited Apr. 17, 2020).

9

III. CONCLUSION

For the stated reasons, the Court DISMISSES WITHOUT PREJUDICE Defendant's Motion for Early Release, ECF No. 86.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
District Judge
Date: April 17, 2020